UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert White 1412500928
MICHAEL FIELDS 141RS01841

Write the full name of each plaintiff.

No. **25 CV 6406**

(To be filled out by Clerk's Office)

-against-

Rikers Island doc
Bob Barker Company Inc

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.



RECEIVED AUG 01 2025 PRO SE OFFICE

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☑ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

Robert / R / White
First Name / Middle Initial / Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

1412500928
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Rikers Island obcc
Current Place of Detention

16-00 hazen street
Institutional Address

East elmhurst / NY / 11370
County, City / State / Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Ryan Dash 4412403207
Livingston Paguanda 141125 01119
Tymier Wolfhope 3492403046
Rashad Crawford #1412362251
Hakeem C #11325000rg
Ashaunte Scott # 3492400027
Shawn Delisle #4102300124
M. Lewis # 895-220-0274
* Marly Senat 3492401917
Francisco Deleon 2412402335
Marshall Bolden
Shatee Galarza 2412400170
Jordan Hannah 410 250 0080
Eric Madera 2412401843
Omar Johnson 2102400451
Amad Edwards 3492403338
Mathew Solomon 349 240 4977

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | |
|---|---|
| First Name: Rikers | Last Name: Island |
| Shield #: doc | |

Current Job Title (or other identifying information): 

Current Work Address: 16-00 hazen st

County, City: East elmhurst    State: NY    Zip Code: 11370

Defendant 2:

| | |
|---|---|
| First Name: Bob | Last Name: barker |
| Shield #: | |

Current Job Title (or other identifying information):

Current Work Address: 7925 purfay RD

County, City: fuquay-Varina    State: NC    Zip Code: 27526

Defendant 3:

First Name:    Last Name:    Shield #:

Current Job Title (or other identifying information):

Current Work Address:

County, City:    State:    Zip Code:

Defendant 4:

First Name:    Last Name:    Shield #:

Current Job Title (or other identifying information):

Current Work Address:

County, City:    State:    Zip Code:

## V. STATEMENT OF CLAIM

Place(s) of occurrence: **OBCC 4 South West**

Date(s) of occurrence: **4/19/25**

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

ON the Above DATE while I was sleeping I started Having back pain in My Lower Back with spasms I Been complaining about this problem to Doc's Heads from Captains to Deputy's to Nurses It was brought to my knowlege that it could've been the mattress we was sleeping on. I Ask Around the Housing unit 4 southwest located at the OBCC Holding Detention Center We all was having the same problem/issues We all check the mattress and the mattress said NOT MEANT For A Foundation These Mattress that Are Produce By Bob Barker Inc description say the mattress Are Intended for not Having A Foundation which Meant they are Meant To Be put on the Floor Not Bed Frames or make shift Bed Frames made of Concrete. This is the conditions us Detainees have to Endure while we Are Being Detained

Page 4

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

Lower back

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

Compensation for pain and suffering emotional

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| Robert | R | White |
| First Name | Middle Initial | Last Name |

16-00 hazen Street
Prison Address

| East elmhurst | | NY | 11370 |
|---|---|---|---|
| County, City | | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6

IH-34                                                                                           Rev:2014-1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**RECEIVED AUG 0 1 2025 PRO SE OFFICE**

Robert White 1412500 928

Michael Fields 1412501841
(List the full name(s) of the plaintiff(s)/petitioner(s).)

_____CV_____ (___)(___)

-against-

Rikers Island doc

bob barker Company inc
(List the full name(s) of the defendant(s)/respondent(s).)

NOTICE OF CHANGE OF ADDRESS

I hereby notify the Court that my address has changed to the following:

_____
Name (Last, First, MI)

_____
Address          City               State      Zip Code

_____
Telephone Number        E-mail Address (if available)

_____
Date                    Signature

Robert White 1412500928

Michael Fields 1412501841

*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

Rikers Island doc

bob barker company inc

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

**RECEIVED AUG 01 2025 PRO SE OFFICE**

**PLAINTIFF'S LOCAL CIVIL RULE 33.2 INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 26(e), 33, 34 and 45, and Local Civil Rule 33.2, the defendants shall answer, under oath, the following interrogatories, and produce copies of the following documents, within 120 days of the service of the complaint on any named defendant, at the plaintiff's current address,[1] as indicated below.

These requests apply in Use of Force Cases, Inmate Against Inmate Assault Cases and Disciplinary Due Process Cases, as defined below, in which the events alleged in the complaint occurred while the plaintiff was in the custody of the Department of Correction of the City of New York, the New York State Department of Corrections & Community Supervision, or any other jail, prison or correctional facility operated by or for a city, county, municipal or other local governmental entity (collectively, the "Department").

## DEFINITIONS

1. "Department" refers to the Department of Correction of the City of New York, New York State Department of Corrections & Community Supervision, and/or any other city, county, municipal or other local governmental entity that operates a jail, prison or correctional facility.

2. "Facility" refers to the correctional facility where the Incident is alleged to have occurred.

3. "Use of Force Case" refers to an action in which the complaint alleges that an employee of the Department, or Facility used physical force against the plaintiff in violation of the plaintiff's rights.

---

[1] Unless otherwise ordered by the Court, if within the 120-day period the defendant(s) moves for dismissal under Fed. R. Civ. P. 12(b) or 12(c), or moves for summary judgment on grounds which would be dispositive of the action *in toto*, defendants shall respond 30 days from denial of such motion in whole or in part.

4. "Inmate against Inmate Assault Case" refers to an action in which the complaint alleges that an employee of the Department or Facility was responsible for plaintiff's injury resulting from physical contact with another inmate.

5. "Disciplinary Due Process Case" refers to an action in which (i) the complaint alleges that an employee of the Department or Facility violated or permitted the violation of a constitutional right(s) in a disciplinary proceeding against plaintiff, and (ii) the punishment imposed upon plaintiff as a result of that proceeding was placement in a special housing unit for more than 30 days.

6. "Incident" refers to the event or events described in the complaint. If the complaint alleges a due process violation in the course of prison disciplinary proceedings, "Incident" also refers to the event or events that gave rise to the disciplinary proceedings.

7. "Identify," when applied to persons, shall mean:
   (i)   full name and current or last known address for service; and
   (ii)  for Department or Facility employees, badge number or numbers, if any;
   (iii) for former or present inmates, any and all inmate identification numbers, including "book and case," "DIN" and "NYSID" numbers.

8. "Identify," when used in connection with a civil or criminal proceeding shall mean: the case name, court, docket number and date of commencement.

## INSTRUCTIONS

1. All defendants represented by the Office of the Corporation Counsel of the City of New York, the Office of the Attorney General or counsel for or appointed by the Department responsible for the Facility, are instructed to produce documents (or copies thereof) and provide information in the defendants' custody, possession or control and documents and information in the custody, possession or control of the Department or Facility. If the Department or Facility is not a party, documents and information shall be produced as if a Rule 45 subpoena had been served on the Department or Facility. All responses are subject to the requirements of Fed. R. Civ. P. 26(e). Documents so produced shall be Bates-stamped or otherwise numbered sequentially.

2. Whenever defendants or the non-party Department or Facility withhold any document or portion thereof that is responsive to any of the document requests for reasons of privilege or institutional security, counsel for defendants shall (i) obtain a copy of the document (including audio tape, videotape, electronic recording or photograph) from the appropriate agency or defendant and retain such document in defense counsel's office until the conclusion of the litigation; (ii) serve and file a (privilege) log in conformity with Fed. R. Civ. P. 26(b)(5) or Local Civil Rule 26.2, setting forth the reason for withholding the document; and (iii) make the withheld document available upon request to the Court. If the document is withheld for reasons of institutional discipline or security, rather than privilege, the document

shall also be made available to *pro bono* counsel, or to an interested attorney considering the Court's request for *pro bono* counsel, who shall maintain it in strict confidence. If security interests can be addressed by redacting a portion of the document, the redacted document shall be produced to plaintiff. Counsel for defendants may also take appropriate measures to ensure that Department letterhead, forms and stationery are not misused by plaintiff.

3. If any document responsive to this request exists in the form of a tape recording, video recording or other electronic recording it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security. If the tape, video or electronic recording is not produced to plaintiff, defense counsel shall retain the tape and make it available upon request to the Court, *pro bono* counsel or any *pro bono* attorney considering acceptance of the case. Any transcript shall be treated as any other responsive document.

4. The documents responsive to requests 8 through 11 shall be provided for a period of ten years prior to the filing of the complaint, shall be provided by the Department or Facility to defense counsel within the 120-day responsive period and shall be maintained in defense counsel's office until the conclusion of the litigation. Such documents shall be produced to the Court upon request or to *pro bono* counsel as provided in Instruction 2. If the case proceeds to trial and plaintiff is not represented, the Court shall address prior to trial the disclosure of such documents to plaintiff for use at trial. If the response to any of requests 8 through 11 is "None," that response shall be provided to plaintiff at the time these requests are responded to.

## INTERROGATORIES AND DOCUMENT REQUESTS

1. With respect to any disciplinary proceeding in which plaintiff alleges the denial of a constitutional right, produce all documents concerning the proceeding, including: reports of infraction; notices of infraction; misbehavior reports; any records reflecting informal interviews with the plaintiff or opportunities for the plaintiff to object to the discipline or housing status related to the discipline; disciplinary hearing records; hearing transcripts;[2] infraction and/or hearing disposition sheets; notices of administrative appeal and any accompanying documents; and any decisions on administrative appeal.

2. Identify all Department and Facility employees who were present at, witnessed or investigated the Incident or who at or about the time of the Incident were assigned to work in the area where the Incident occurred (if such area is identifiable and discrete).

3. Identify all persons (including prisoners) other than Department and Facility employees who were present at the Incident.

---

[2] An untranscribed tape shall be treated as provided for in Instruction 3.

*Rev. 07/2012*                                    3

4. Produce any and all of the following documents in the custody, possession or control of the Department or Facility prepared by or at the direction of any employee of the City of New York, the State of New York or any other governmental entity in connection with the Incident: incident reports, intradepartmental memoranda (including memoranda sometimes referred to as "to/froms"), use of force reports, unusual incident reports, witness statements, injury to inmate reports, video or audio tapes, photographs, reports of infraction, notices of infraction, dispositions of any infraction, misbehavior reports including documents in the file of any inmate disciplined in connection with the incident.

5. Produce all files, including each closing memorandum and summary, made in the course of any completed investigation by the Department of Investigations, Inspector General or Internal Affairs Division (or similar groups) into the Incident. If the Incident or the conduct of defendants involved in the Incident is the subject of an ongoing investigation or a disciplinary proceeding, criminal investigation or outstanding indictment or information, discovery under this request shall be suspended until the termination thereof (whether by completion of the investigation without charges being brought or by disposition of such charges). A response shall be due thirty (30) days after such termination.

6. If Plaintiff alleges physical injury and has authorized release, produce records of all medical treatment provided to the plaintiff in connection with such injury or claim. If defendants seek to rely on plaintiff's pre-existing medical condition as a complete or partial defense to any claim raised in the complaint, produce all records relating to such pre-existing medical condition generated during plaintiff's present and any prior term of incarceration. (If plaintiff fails to provide a release authorizing disclosure of medical records, defendants may move to compel such release or to dismiss some or all of plaintiff's claims). If production is made hereunder, identify all medical care providers assigned to work in the Facility clinic on the date of the Incident and identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding plaintiff's treatment.

7. If any defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, produce all records and claims of injury and all records of medical treatment provided to that defendant in connection with such injury. If defendant refuses to give consent to the release of medical records, defendant shall state whether defendant was treated at a prison facility, a clinic or by a private doctor and the date and place of each such treatment. If production is made hereunder, identify the signature or initials of each individual who has made an entry on reports or other writings prepared by the medical care provider regarding the Incident or regarding defendant's treatment.

8. For any defendant, other than for the Commissioner, any Deputy Commissioner or Assistant Commissioner, Warden and ranks above (and any similar positions for other Departments and Facilities), identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in

which the defendant was formally counseled, disciplined, punished, or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

9. In a Use of Force Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, criminally prosecuted or otherwise made the subject of remedial action in connection with having used force on an inmate.

10. In an Inmate against Inmate Assault Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished or criminally prosecuted or otherwise made the subject of remedial action in connection with having failed to supervise inmates property or failed to fulfill any or his or her responsibilities involving inmate safety.

11. In a Disciplinary Due Process Case, identify and produce all documents concerning any employment-related proceeding, whether administrative, civil or criminal, in which any defendant was formally counseled, disciplined, punished, prosecuted or otherwise made the subject of remedial action in connection with that defendant's participation in or conduct of a disciplinary proceeding where it was alleged that the defendant violated a Department regulation or a constitutional right of an inmate.

12. Produce from the plaintiff's inmate file for the period of incarceration during which the Incident arose (and any other Facility file for plaintiff if any defendant intends to rely on any of its contents) all documents concerning any occasion that plaintiff was subject to discipline. If the disciplinary record is lengthy, the defendant may, in the first instance, produce a computer printout of plaintiff's inmate's disciplinary history.

ROBERT WHITE 1412500 0928
100 HAZEN STREET
ELMHURST NY 11373

USMJ SDNY
Pro Se Intake Unit Rm 120
500 Pearl Street
New York NY 10007

RECEIVED
AUG 01 2025
PRO SE OFFICE



Retail
RDC 99
10007

U.S. POSTAGE PAID
FCM LETTER
ASTORIA, NY 1110
JUL 30, 2025
$11.55
S2324M503666-05

7022 2410 0003 0116 3501

CERTIFIED MAIL